# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RAZIN ROSE EL, et al, | ) | CASE NO. 5:18cv2278 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| OHIO STATE REPUBLIC SECRETARY, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiffs Razin Rose El ("El") and DemaiRa Meru Yahawashi Bey ("Bey") have filed this civil action against numerous defendants, including the Ohio Secretary of State Jon Husted, the United States Justice Department, the International Criminal Court, the Social Security Administration, and the Ohio Department of Health Office of Vital Statistics. (Doc. No. 1, Complaint ["Compl."].) Plaintiffs' complaint does not set forth coherent allegations as to specific wrongful conduct as to any of the defendants or assert any legal claim against them that is intelligible to the Court. Nor do plaintiffs seek any specific relief other than a "Writ of Prohibition" to "[a]rrest the proceedings of all non [A]rticle III colorable corporate courts in this matter, as [j]urisdiction does not reside with the associated [f]oreign parties." (Compl. at 2.[1]) They attach to their complaint various documents that are similarly indecipherable. (Doc. No. 1-1.)

In addition, plaintiffs did not pay the required filing fee or move to proceed *in forma pauperis*. Consequently, on November 1, 2018, Magistrate Judge Limbert issued an order

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

requiring plaintiffs to either pay the filing fee or complete and file a financial application to proceed *in forma pauperis*. (Doc. 2.) The order stated that plaintiffs were required to comply with its terms within thirty days from the date it was issued, or they would have to pay the full filing fee if they wished to proceed with the case. (*Id.*)

The Court's docket indicates that a copy of the deficiency order was mailed to El at her address of record on November 1, 2018, and a copy was mailed to Bey at his address of record on November 5, 2018. Bey's mailing was returned to the Court as not deliverable as addressed on November 20, 2018. (Doc. 4.) El's mailing was returned to the Court marked "Return to sender/Attempted not known/Unable to forward" on November 21, 2018. (Doc. 5.)

Plaintiffs have an affirmative duty to advise the Court of any change of address. *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994). Failing to do so demonstrates a plaintiff's lack of prosecution of his or her action. *Walker v. Cognis Oleo Chem., LLC*, No. 1:07CV289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) (citing among authority *Barber v. Runyon*).

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss a case for failure to prosecute or to comply with a court order as a tool to effectively manage its docket. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Courts consider four factors when determining whether a case is subject to dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363).

Here, the Court finds that plaintiffs' failure to comply with the deficiency order was due to their willfulness and fault because they failed to update their addresses with the Court and failed to pay the Court's filing fee or file a motion to proceed *in forma pauperis*. Although defendants have not been prejudiced by plaintiffs' failure to update their addresses with the Court or pay the filing fee, the deficiency order warned plaintiffs that failure to comply may result in dismissal of this action. Finally, the Court concludes that an alternate sanction would not be effective because plaintiffs already have failed to fulfill their obligation to prosecute this case and ignored the deficiency order. After balancing these factors, the Court exercises its discretion to dismiss this action without prejudice pursuant to Rule 41(b). *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's dismissal without prejudice for want of prosecution where *pro se* plaintiff was ordered to pay filing fee and warned that failure to comply may result in dismissal, but order was returned to the court bearing the notation "Paroled" and plaintiff failed to apprise the court of his current address).

Accordingly, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 18, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**